**Hanif Mohammed Mohammed RAUF, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72625.

Agency No. A75–320–086.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 10, 2004.

Manpreet Singh Gahra, Law Office of Virender K. Goswami, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Jacqueline Dryden, Office of Immigration and Litigation, Margaret Perry, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Hanif Mohammed Mohammed Rauf, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Gormley v. Ashcroft*, 364 F.3d 1172, 1176 (9th Cir.2004), and we deny the petition for review.

Substantial evidence supports the BIA's adverse credibility finding because some of the inconsistencies in Rauf's testimony regarding whether his mother paid a bribe to Indian police for Rauf's release, and where he was attacked go to the heart of his asylum claim. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001) (noting that even one material inconsistency is sufficient to support an adverse credibility determination).

In the absence of credible testimony, Rauf failed to establish eligibility for asylum or withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1254–55 (9th Cir.2003).

Substantial evidence also supports the IJ's conclusion that Rauf is not entitled to relief under the CAT because he did not demonstrate that it is "more likely than not" he would be tortured if returned to India. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

Rauf's due process and regulatory challenges to the BIA's streamlining of his case are unpersuasive. *See Garcia–Mar-*

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

*tinez v. Ashcroft,* 371 F.3d 1066, 1078–79 (9th Cir.2004).

PETITION FOR REVIEW DENIED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.